# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TINA ZABIELSKI-SCHROEDER and ROY SCHROEDER, <br> Plaintiffs, <br><br> v. <br><br> MENARD, INC., <br> Defendant. | CAUSE NO. 2:13-CV-451-RLM-JEM |

## OPINION AND ORDER

This matter is before the Court on three motions:

(1) Plaintiffs' Motion to Compel Production [DE 11], filed by Plaintiffs on April 22, 2014;

(2) Defendant's Motion to Strike Plaintiff's Motion to Compel Production and Motion for Sanctions [DE 14], filed by Defendant on May 6, 2014; and

(3) Defendant's Motion to Strike Section II(C)(3) and Exhibits E and I to the Plaintiff's Memorandum of Law in Support of Plaintiffs' Response to Defendant's Motion to Strike Plaintiff's Motion to Compel Production and Motion for Sanctions [DE 24], filed by Defendant on May 30, 2014.

Plaintiff Tina Zabielski-Schroeder alleges that she slipped and fell at a store controlled by Defendant due to Defendant's negligence on July 21, 2013. Plaintiffs filed a lawsuit in state court in Lake County, Indiana, on November 15, 2013. The case was removed to this Court on December 9, 2013.

Plaintiff filed their Motion to Compel on April 22, 2014, seeking an order compelling Defendant to produce surveillance video footage taken at the Defendant's store on the day of the

alleged slip and fall at the center of this lawsuit. On May 6, 2014, Defendant filed a response opposing Plaintiffs' Motion. The same day, it filed its first Motion to Strike, seeking to have Plaintiff's Motion stricken for failing to comply with Local Rule 37-1(a) and for being filed prematurely. On May 7, 2014, Plaintiffs filed its Local Rule 37-1(a) certification to accompany its Motion to Compel. On May 20, 2014, Plaintiffs filed their reply in support of their Motion to Compel and a response to Defendant's Motion to Strike. On May 30, 2014, Defendant filed its reply in support of its Motion to Stike and also filed a second Motion to Strike, seeking to have portions of Plaintiffs' response to the first Motion to Strike stricken. Plaintiffs did not respond to the second Motion to Strike. All Motions are now ripe for ruling.

## ANALYSIS

In addition to directly responding to the merits of Plaintiffs' Motion to Compel, Defendant filed a Motion to Strike the Motion to Compel in its entirety that the Court must dispose of first.

**A.     Defendant's Motions to Strike**

Defendant argues that the Motion to Compel should be stricken because it fails to comply with the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Indiana. In particular, Defendant argues that the Motion to Compel failed to include the certification required by Local Rule 37-1 and that the Motion to Compel was premature because its response to written discovery—including the request for production of the surveillance video—was not due until May 8, 2014, sixteen days after the Motion was filed.

Federal Rules require that a party filing a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37. Local

2

Rules require that the certification be filed in a separate document and include "the date, time, and place of any conference or attempted conference[] and . . . the names of the parties participating in the conference." N.D. Ind. L.R. 37-1(a). If no certification is filed, a court may deny the motion to compel. N.D. Ind. L.R. 37-1(b).

In the Motion to Compel, Counsel for Plaintiffs states that he informally asked multiple times from the outset of litigation for access to the surveillance video that showed the activity referred to by the claims adjuster. Mot. to Compel ¶6. Plaintiffs also requested production of the video in written discovery served on Defendant on February 21, 2014. Mot. to Compel ¶6. Counsel for Plaintiffs states that he again requested in email and in phone conversations on April 10, 15, and 16, that Defendant provide a copy of the surveillance video. Counsel for Plaintiffs further asserts that counsel for Defendant explicitly stated in response to those requests that the surveillance video would not be produced by the deadline for written discovery, but would be produced only after Plaintiffs had been deposed, leading to the filing of the instant Motion to Compel on April 22, 2014.

The parties agreed to two extensions of time to respond to the written discovery, and the Court granted a further extension of time through May 8, 2014. The deadline for the completion of all discovery in this case is set for August 31, 2014.

Although no separate Rule 37-1 certification was filed contemporaneously with the Motion to Compel, Plaintiffs stated in the Motion that counsel for Plaintiffs Chase Colvin e-mailed counsel for Defendant David Kalimuthu on April 10, 2014 regarding the surveillance video and that the two attorneys discussed the dispute over the video by phone on April 15 and 16. Plaintiff also attached copies of the relevant e-mails. Also, on May 7, 2014, after Defendant filed its Motion to Strike, Plaintiffs filed a certification meeting the requirements of Local Rule 37-1(a). The Court finds that

these submissions effectively comply with the purpose of Rule 37(a) and Local Rule 37-1 to resolve the discovery dispute without the Court's intervention. Accordingly, the Court declines to strike Plaintiffs' Motion solely for its lack of a separate Rule 37 certification.

Defendant also argues that the Motion to Compel should be stricken as untimely because the time to respond to Plaintiffs' written discovery requests—including the request to produce the surveillance video—had not yet passed when the Motion was filed. Plaintiffs respond that their counsel had repeatedly asked for the surveillance video and had repeatedly been told that the video would not be produced until after Plaintiffs had been deposed, after the deadline for written discovery would have passed. Because these arguments go to the merits of the Motion to Compel, they are more appropriately addressed in ruling on that Motion rather than by striking it. Accordingly, the Court will deny Defendant's Motion to Strike.

As further distraction from the merits of the Motion to Compel, Defendant also filed a second Motion to Strike, asking the Court to strike Section II(C)(3) and Exhibits E and I of Plaintiffs' response to the first Motion to Strike because it is irrelevant, immaterial, and scandalous. *See* Fed. R. Civ. P. 12(f) (permitting a court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter.") In Section II(C)(3), Plaintiffs' counsel states that he is familiar with the firm representing Defendant, Bruce P. Clark and Associates, from past cases and that "[d]efense counsel is known to withhold information and evidence and unnecessarily delay litigation by seeking extension after extension without providing complete and non-evasive responses to relevant discovery." Resp. 8. Exhibits E and I contain seventeen orders on motions to compel filed in various Indiana state courts and one order from another court in the Northern District of Indiana against parties represented by various attorneys with the firm Bruce P. Clark & Associates, including

one in which a state circuit court judge concludes that counsel was "deliberately evading discovery by artifice and skullduggery." Resp. Exh. 5 at 2.

While Rule 12(f) by its own terms only applies to pleadings, some courts have nonetheless considered motions to strike portions of other types of documents using Rule 12(f) standards. *See City of Sterling Heights Gen. Emps' Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2013 WL 566805 (N.D. Ill. Feb. 13, 2013) ("While Rule 12(f) does not explicitly authorize a motion to strike documents other than pleadings, courts routinely entertain such motions.") (citing cases). Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, in part to discourage their potential use to delay judicial proceedings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) (noting Rule 12(f) motions' "potential as a dilatory tactic"). Therefore, scandalous or immaterial matter will not ordinarily be stricken unless the moving party can also show it causes them prejudice. *See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664-65 (7th Cir. 1992); Charles Alan Wright, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.) ("[T]here appears to be general judicial agreement . . . that [motions to strike] should be denied unless the challenged allegations may cause some form of significant prejudice to one or more of the parties to the action.") Whether to strike scandalous or immaterial portions of a pleading is within the sound discretion of the court. *Talbot*, 961 F.2d at 665.

Defendant argues that disputed exhibits are irrelevant because they contain orders from completely unrelated cases in which Defendant's counsel did not participate and provide none of the necessary context for the Court to determine whether those orders were actually justified.

5

Accordingly, Defendant argues they provide no substantive support to Plaintiffs' response but were "included for the sole purpose of attempting to embarrass, humiliate, and/or create undue prejudice upon" its counsel. Mot. to Strike 4. Defendant does not, however, provide any argument for how this information creates any prejudice to it. Accordingly, the Court sees no reason to strike the disputed material.

**II.     Plaintiffs' Motion to Compel**

With the Motions to Strike out of the way, the Court can move on to the real substance of the dispute in this matter. Before filing the instant lawsuit, Zabielski-Schroeder first sought compensation for the alleged resulting injury through Defendant's internal claims program. However, the claims adjuster who investigated Zabielski-Schroeder's claim concluded that Menards was not liable for her injury. In a letter dated September 9, 2013, the claims adjuster wrote:

> Another guest with a flatcart ran into a display of lemonade. Immediately several employees are there cleaning and put up multiple wet floor signs. There is a lot of activity with employees cleaning, mopping and using the scrubber to get all the liquid off the floor. Your client passes this area 3 times, 2 times from 1 direction and the 3rd from another. She stops, looks around and on the 3rd pass through speaks with one of the employees.
>
> Your client was clearly aware of the situation as she passed through this area more than once. Multiple wet floor signs were out an employees were vigorously cleaning the area.

Mot. to Compel, Exh. 1. Plaintiffs' Motion to Compel Production seeks an order compelling Defendant to produce the surveillance video to which the claims adjuster refers. Plaintiffs state that they have repeatedly asked Defendant to produce the video, both informally from the outset of the litigation and formally through a Request for Production served on Defendant on February 21, 2014. Plaintiffs further represent that counsel for Defendant has stated that the video would not be

produced until after Defendant had taken Plaintiffs' depositions, regardless of discovery deadlines.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, ___ F.3d ___, No. 13-2519, 2014 WL 2748054 (7th Cir. June 18, 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Defendant does not contest the relevance of the video to Plaintiffs' case but provides four reasons for its objection to being compelled to produce the surveillance video before it has taken Plaintiffs' depositions. First, it argues the Motion should be denied because the Motion failed to include certification that Plaintiffs in good faith conferred or attempted to confer with Defendant in an effort to obtain the video without court action as required by Federal Rule Civil Procedure 37 and Local Rule 37-1(a). However, as discussed above, the Court finds that Plaintiffs effectively complied with these rules so that denial on minor technical grounds is unwarranted. Defendant also argues that the Motion is premature because the discovery deadline had not yet passed when the Motion was filed; that Defendant should be permitted to withhold the video until after Plaintiffs have been deposed in

7

order to preserve its impeachment value; and that the video is protected from disclosure by the work product doctrine. The Court addresses each argument in turn below.

   1. *Timing of the Motion to Compel*

Defendant argues that the Motion to Compel is premature because it was filed before its deadline to respond to Plaintiffs' requests for production had passed. Plaintiffs served written discovery requests that included a request to produce the surveillance video at issue on Defendant on February 21, 2014. The parties agreed to extend the time to respond to written discovery requests through April 17, 2014. Counsel for Plaintiffs represents that he inquired specifically about production of the surveillance video on April 10 and April 15, 2014, and was told by counsel for Defendant that it would not be produced until after Defendant had taken Plaintiffs' depositions. On April 30, 2014, Defendant filed a motion requesting an additional extension of time to respond to Plaintiffs' written discovery requests. In it, Defendant represented that the parties had orally agreed to an extension through April 30, 2014, and attached an email dated April 16, 2014, from Defense counsel to Plaintiffs' counsel that purported to memorialize that agreement. The Motion requested an additional week extension, and the Court granted an extension through May 8, 2014.

Because the instant Motion to Compel was filed on April 22, 2014, sixteen days before the deadline to respond to Plaintiffs' written discovery requests, Defendant argues it should be denied as premature. Plaintiffs reply that because Defendant informed them that it had no intention of producing the video before the written discovery deadline, it should not have needed to wait to file the Motion to Compel. A letter from Plaintiffs' counsel to Defendant's counsel dated May 13, 2014, and attached to Plaintiffs' reply brief confirms that Defendant did not, in fact, produce the video by the deadline to respond to Plaintiffs' written discovery requests. The Court will not deny the motion merely because it was filed before the discovery deadline. Plaintiffs had no reason to doubt that Defendant would

8

continue to withhold the video even after the deadline had passed. Additionally, if Defendant planned to use the video in support of its defense, as the letter from its claims adjuster stated, it was required to disclose the video as part of its initial disclosures well before the Motion to Compel was filed. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii), (C). Accordingly, the Court declines to deny the Motion to Compel because of its timing.

    2.    *Preservation of Impeachment Value*

Defendant next argues that the Court should use its broad discretion regarding discovery matters to permit Defendant to withhold the surveillance video until after it has deposed Plaintiffs. It states Plaintiffs have not yet provided information on the specific location of the alleged fall or a description of the substance that allegedly caused the fall and argues that "providing [the] video prior to the plaintiffs' depositions will provide the plaintiffs with an improper opportunity to alter their testimony to fit the contents of the . . . surveillance video." Resp. 2. It argues that permitting it to withhold the video temporarily would serve to balance its interest in preserving the impeachment value of the video against the Plaintiffs' need for the video. Plaintiffs respond that they cannot properly evaluate their case or make expert witness decisions without the requested video and argue that Defendant should not be permitted to withhold it just because it is tactically convenient to do so.

Normally, "methods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d). However, "the court may order otherwise for the parties' and witnesses' convenience and in the interest of justice." Fed. R. Civ. P. 26(d). To support its argument for withholding the surveillance video until after Plaintiffs' depositions, Defendant cites two cases in which the courts used their discretion to dictate a specific sequence of discovery. However, the circumstances in those two non-precedential cases

are distinguishable from those in this case. In both cases, the defendants objected to producing secret video taken for the sole purpose of showing the plaintiffs' injuries were not as severe as they claimed. *Snead v. Am. Exp.-Isbrandtsen Linece, Inc.,* 59 F.R.D. 148, 149 (E.D. Penn. 1973); *Pioneer Lumber, Inc. v. Bartels*, 673 N.E.2d 12 (Ind. Ct. App. 1996). The defendants argued they needed to withhold the videos from the plaintiffs so that the plaintiffs could not alter their deposition testimony to fit the video, destroying the impeachment value of the videos at trial. *Id.* On the other hand, because video can be manipulated or deceptive, the plaintiffs had a need to view the videos prior to trial to be prepared to attack the accuracy or authenticity of the tapes. *Id.* The judges chose to balance these competing needs by compelling the defendants to produce the videos but allowing them to wait until the plaintiffs' depositions were taken, thereby preserving the impeachment value of the videos. *Id*.

In this case, however, balancing Plaintiffs' need for the video with Defendant's interest in withholding it warrants a different result. The plaintiffs' need for the videos in the cases relied on by Defendant—and the timing of the need for those videos—depended completely on whether the videos would be produced at trial. In this case, however, Defendant has already indicated that it plans to use the video not just for impeachment purposes at trial, but substantively to defeat Plaintiffs' case by showing Zabielski-Schroeder was "clearly aware of the situation." Mot. to Compel, Exh. 1. Accordingly, Plaintiffs have a greater need to access the video and to do so immediately to prepare the substance of their case, not just to prepare to counter the potential effects of the videos at trial. The Court's primary goal in ruling on discovery matters should be to facilitate "the parties . . . obtain[ing] the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947); *see also United States v. Procter & Gamble Co.,* 356

U.S. 677, 682 (1958). ("Modern instruments of discovery . . . . together with pretrial procedures make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.") The Court is not persuaded by the reasoning in the cited cases that the balancing of interests in this case warrants interfering with the goal of facilitating the fullest possible disclosure merely to preserve a potential tactical advantage for Defendant. Accordingly, the Court declines to permit Defendant to continue to withhold the surveillance video for the sole purpose of preserving its impeachment value.

        3.        *Work Product Doctrine*

Finally, Defendant argues that even if the Court finds its interest in preserving the impeachment value of the video unpersuasive, it should deny the Motion to Compel because the surveillance video at issue is protected by the attorney work product privilege. Materials created in anticipation of litigation are considered attorney work product and protected by a qualified privilege against discovery. *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996); *see also* Fed. R. Civ. P. 26(b)(3) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial.") A document is considered "prepared in anticipation of litigation" if it "can fairly be said to have been prepared or obtained *because* of the prospect of litigation." *Logan*, 96 F.3d at 977 (citing *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir.1983)). When determining whether something was prepared in anticipation of litigation, the Court must distinguish between investigative materials created "as a precaution for the 'remote prospect of litigation' and materials prepared because 'some articulable claim, *likely* to lead to litigation ... ha[s] arisen.'" *Id*. (quoting *Binks Mfg. Co.,* 709 F.2d at 1120). The burden is on the party asserting the privilege to show that the materials were made in anticipation of litigation.

11

*Hamdan v. Ind. Univ. Health N., LLC*, No. 1:13-CV-00195-WTL, 2014 WL 2881551, at *2 (S.D. Ind. June 24, 2014).

Defendant admits that the "surveillance video was not captured specifically" for purposes of this case at the time it was captured, but it argues the Court should still find it was prepared in anticipation of litigation because "store surveillance is conducted due to the potential for all kinds of claims, both criminal and civil." Resp. 5. Defendant cites two cases from district courts outside this Circuit for the proposition that "surveillance videos, by nature, are generally prepared in anticipation of litigation," and therefore generally constitute work product. Resp. 4. In both cases, however, the video was taken after the accident at issue in the case occurred and for the purpose of investigating the plaintiffs' claims. *Ward v. CSX Transp., Inc.*, 161 F.R.D. 38, 39 (E.D.N.C. 1995); *Wegner v. Cliff Viessman, Inc.*, 153 F.R.D. 154, 156 (N.D. Iowa 1994). In this case, Defendant admits that the store surveillance served multiple purposes and makes no assertion that it was not recorded in the ordinary course of business or only "as a precaution for the 'remote prospect of litigation.'" *Logan*, 96 F.3d at 977. If Defendant wishes to argue that all store surveillance is necessarily done in anticipation of litigation, it has not met its burden of doing so. Accordingly, the Court finds the disputed surveillance video is not protected from discovery by the work product doctrine.

Because the Court is unpersuaded by any of Defendant's justifications for withholding the surveillance video or it arguments for otherwise denying the Motion to Compel, the Motion will be granted.

## CONCLUSION

For the foregoing reasons, the Court hereby:

(1) **GRANTS** Plaintiffs' Motion to Compel Production [DE 11];

(2) **ORDERS** Defendants to serve on Plaintiffs, on or before **July 14, 2014**, the video responsive to Plaintiffs' Requests for Production 2, 5, and 12;

(2) **ORDERS** Defendant to file a brief on or before **July 23, 2014,** explaining why expenses should not be awarded pursuant to Federal Rule of Civil Procedure 37(a)(5)(A);

(3) **DENIES** Defendant's Motion to Strike Plaintiff's Motion to Compel Production and Motion for Sanctions [DE 14]; and

(4) **DENIES** Defendant's Motion to Strike Section II(C)(3) and Exhibits E and I to the Plaintiff's Memorandum of Law in Support of Plaintiffs' Response to Defendant's Motion to Strike Plaintiff's Motion to Compel Production and Motion for Sanctions [DE 24]

SO ORDERED this 7th day of July, 2014.

    s/ John E. Martin
    MAGISTRATE JUDGE JOHN E. MARTIN
    UNITED STATES DISTRICT COURT

cc: All counsel of record